■ Arkady Menkin, Appellant, v AAA Superior Pest Control, LLC, Respondent, et al., Defendants. [952 NYS2d 192]—

The motion court erred in dismissing the complaint as against

AAA, in this action where plaintiff allegedly slipped and fell on "yellow granules" of pest bait on the floor of the locker room in the sub-basement of the building in which he worked; AAA, a pest-control services company, serviced the building. The record shows that a triable issue of fact exists as to whether AAA failed "to exercise reasonable care in the performance of [its] duties, [and] launche[d] a force or instrument of harm" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002] [internal quotation marks omitted]), which caused plaintiff's fall.

The evidence demonstrates that plaintiff observed the granular bait on the walkway of the locker room floor on the morning of his accident, and AAA's own witness observed the bait on the floor during his inspection the day after the accident, and took photographs. While defendant asserts that the granular bait on the day of the inspection was in the corners and under appliances, as it should be, this does not establish, as a matter of law, that it was not placed in the walkway by AAA, which admittedly placed granular bait in the days prior to plaintiff's fall. Although AAA contends that it did not place the bait in the walkway, a jury could reasonably conclude otherwise based on plaintiff's testimony that the bait was in the walkway only one or two days after AAA had placed it. Moreover, plaintiff's inability to recognize the bag of granular bait that was shown to him at his deposition, which AAA asserts is the type of bait it uses, does not warrant dismissal of the action. Plaintiff identified the substance on the floor in the photos of the locker room area as being the type he slipped on, and AAA did not deny that the substance depicted in the photos was its granular bait. Concur—Tom, J.P., Mazzarelli, Andrias, DeGrasse and Román, JJ.